■ In the Matter of the Claim of MONICA L. GORLICK, Appellant. COMMISSIONER OF LABOR, Respondent. [673 NYS2d 225] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment after she refused to perform secretarial duties of a personal nature, namely, making personal phone calls for her supervisor, typing personal letters and stocking the office refrigerator. There is substantial evidence in the record to support the Unemployment Insurance Appeal Board's ruling that claimant lost her employment under disqualifying circumstances. The employer testified that claimant was informed at the time she was hired that she would be required to perform certain personal secretarial duties and that this was a term and condition of her employment. He further stated that claimant had performed these duties without complaint until three months prior to her termination. This Court has held that an employee's refusal to perform duties that were agreed upon at the time of hiring constitutes disqualifying misconduct (see, Matter of Sabater [Hudacs], 184 AD2d 953). Contrary to claimant's argument, her supervisor's requests were reasonably related to her job duties and did not require claimant to do anything demeaning in nature (see, Matter of Speciner [Wexler & Burkhart—Hartnett], 166 AD2d 848). Although claimant disputed her supervisor's version of events, this merely raised a credibility issue for the Board's resolution (see, Matter of Jonassen [Sweeney], 233 AD2d 738).

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.